UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                                   :

BARRY C. HONIG, et al.,                                                                               :

                                                                                              Plaintiffs,                      :
                    v.                                                                                    :          20 Civ. 5872 (AKH)

JOHN DAVID HANSEN and GREGORY P.    :
HANSON,                                                                                  :

                                                                          Defendants.      :
------------------------------------------------------------- X
                                                                                    :

GRANDER HOLDINGS, INC., et al.,            :

                                                   Plaintiffs,                      :          20 Civ. 8618 (AKH)
                    v.                                                                                     :

JOHN DAVID HANSEN and GREGORY P.    :          **ORDER GRANTING MOTION**
HANSON,                                                                                 :          **FOR LEAVE TO AMEND**

                                                  Defendants.      :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On October 6, 2021, I issued an Order, granting Defendants' motions to dismiss in the above-captioned matters. (20-CV-5872, ECF No. 113; 20-CV-8618, ECF No. 41). On October 8, 2021, I issued an Amended Order, granting judgment to Defendants. (20-CV-5872, ECF No. 114; 20-CV-8618, ECF No. 42). At that time, Plaintiffs did not request, and I did not grant, leave to amend. Plaintiffs now request such leave. (20-CV-5872, ECF No. 116; 20-CV-8618, ECF No. 46). For reasons provided below, the motions are granted.

        The Federal Rules of Civil Procedure provide that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This permissive standard is consistent with the "strong preference for resolving disputes on the

1

merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011). Notwithstanding this liberal policy, courts may "den[y leave] in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Banco Safra S.A.-Cayman Islands Branch v. Samarco Mineracao S.A.*, 849 Fed. Appx. 289, 295–96 (2d Cir. 2021) (quoting *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016)).

Where a party does not seek leave to file an amended complaint until after judgment is entered, however, Rule 15's liberality must be tempered by considerations of finality. *See id.* at 213. That said, Second Circuit precedent makes clear that considerations of finality do not always foreclose the possibility of amendment. Thus, in a proper case, it may be appropriate to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment. *See id.* (citation omitted).

I find that this presents a proper case warranting vacatur. Plaintiffs' previous amendments were primarily directed at curing jurisdictional deficiencies, and prior to my Order, identifying the merits-related deficiencies, Plaintiffs had no reason to seek leave to amend. Further, there are no reasons to deny granting leave. Plaintiffs have not delayed in seeking leave, nor is there evidence that they are acting in bad faith, or that Defendants will suffer any prejudice as a result of allowing the amendment, other than having to continue litigating the matter, which does not constitute undue prejudice. *See United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 285 F. Supp. 3d 759, 766 (S.D.N.Y. 2018) ("Mere allegations that an amendment 'will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice.") (internal citations omitted).

## CONCLUSION

For reasons provided above, Plaintiffs' motions to vacate the judgments and for leave to amend are granted. Plaintiffs shall file their amended complaints, as proposed, by December 1, 2021, and Defendants shall answer or otherwise respond by December 22, 2021. The Clerk of Court shall terminate the motions (20-CV-5872, ECF No. 116; 20-CV-8618, ECF No. 46).

SO ORDERED.

| | | |
|---|---|---|
| Dated: | November 24, 2021<br>New York, New York | ___/s/ Alvin K. Hellerstein___<br>ALVIN K. HELLERSTEIN<br>United States District Judge |