UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY C. HONIG, GRQ CONSULTANTS, INC., GRQ CONSULTANTS, INC. 401K, GRQ CONSULTANTS, INC. ROTH 401K FBO BARRY HONIG, GRQ CONSULTANTS, INC. ROTH 401K FBO RENEE HONIG, HS CONTRARIAN INVESTMENTS, LLC, ROBERT S. COLMAN, and ROBERT S. COLMAN TRUST UDT 3/13/85,<br><br>                     Plaintiffs,<br><br>               v.<br><br>JOHN DAVID HANSEN and GREGORY P. HANSON,<br><br>                     Defendants. | Case No. 1:20-cv-05872-AKH (Lead Case)<br><br>**COLMAN-HONIG PLAINTIFFS' OPPOSITION TO GREGORY P. HANSON'S MOTION FOR RECONSIDERATION** |
| GRANDER HOLDINGS, INC., GRANDER HOLDINGS, INC. 401K PSP, BRAUSER FAMILY TRUST 2008, MICHAEL BRAUSER, DANIEL BRAUSER, BENJAMIN BRAUSER, GREGORY BRAUSER, and JOSHUA BRAUSER,<br><br>                     Plaintiffs,<br><br>               v.<br><br>JOHN DAVID HANSEN and GREGORY P. HANSON,<br><br>                     Defendants. | Case No. 1:20-cv-08618-AKH |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Analytical Survs, Inc. v. Tonga Partners, L.P.*
   684 F.3d 36 (2d Cir. 2012) .................................................................................................1, 2

*Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*
   948 F.2d 111 (2d Cir. 1991) ........................................................................................................1

*Dudley v. City of New York*
   2021 WL 5234656 (S.D.N.Y. Nov. 9, 2021) ...............................................................................2

*First Reliance Std. Life Ins. Co. v. Giorgio Armani Corp.*
   2020 WL 5802292 (S.D.N.Y. Sept. 29, 2020) ............................................................................1

*Janus Capital Group, Inc. v. First Derivative Traders*
   564 U.S. 135 (2011) ................................................................................................................4, 5

*Lorenzo v. SEC*
   139 S. Ct. 1094 (2019) ............................................................................................................4, 5

*Ruotolo v. City of New York*
   514 F.3d 184 (2d Cir. 2008) ........................................................................................................2

*Stern v. GE Co.*
   924 F.2d 472 (2d Cir. 1991) ........................................................................................................2

*Stone v. Theatrical Inv. Corp.*
   80 F. Supp. 3d 505 (S.D.N.Y. 2015) ...........................................................................................2

**Statutes**

California Corporations Code § 25400 ....................................................................................3, 4, 5

California Corporations Code § 25401 ...........................................................................................3

California Corporations Code § 25500 ........................................................................................3, 5

California Corporations Code § 25501 ...........................................................................................3

California Corporations Code § 25504 ...........................................................................................3

California Corporations Code § 25504.1 ........................................................................................3

**Other Authorities**

Federal Rules of Civil Procedure Rule 9 .........................................................................................2

Federal Rules of Civil Procedure Rule 60 ........................................................................................2

Local Civil Rule 6.3 ....................................................................................................................1, 2

SEC Rule 10b-5(b)............................................................................................................................4

Wright & Miller, Federal Practice & Procedure § 2852 ................................................................2

The Colman-Honig Plaintiffs[1] submit this opposition to Defendant Gregory P. Hanson's Motion for Reconsideration [Dkt. 150] ("**Reconsideration Motion**") of the Court's April 27, 2022 Order Granting in Part and Denying in Part Motion To Dismiss [Dkt. 147] ("**Order**") the Colman-Honig Plaintiffs' Fourth Amended Complaint [Dkt. 122] ("**FAC**").

The Reconsideration Motion should be denied. Hanson does not identify anything this Court overlooked in deciding Hanson's motion to dismiss the FAC (the "**Underlying Motion**"), and instead improperly raises a completely new argument – that he supposedly did not make the statements in the press releases as to which the Court has sustained Plaintiffs' claims.[2] This argument would be meritless if it were properly before the Court, which it is not.

It is black-letter law that a "motion for reargument may not advance new facts, issues or arguments not previously presented to the court." *First Reliance Std. Life Ins. Co. v. Giorgio Armani Corp.*, 2020 WL 5802292, at *3 (S.D.N.Y. Sept. 29, 2020) (Hellerstein, J.)[3]; *see also Analytical Survs, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (reconsideration motions are "not a vehicle" for "presenting" "new theories"); *Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (holding that the materially identical predecessor to Local Civil Rule 6.3 "preclud[es] arguments raised for the first time on a motion for reconsideration"). Rather, "[t]he standard governing motions for

---

[1] Robert S. Colman, Robert S. Colman Trust UDT 3/13/85, Barry C. Honig, GRQ Consultants, Inc., GRQ Consultants, Inc. 401K, GRQ Consultants, Inc. Roth 401K FBO Barry Honig, GRQ Consultants, Inc. Roth 401K FBO Renee Honig, and HS Contrarian Investments, LLC.

[2] If Plaintiff's separate motion (submitted today) for leave to file a proposed amended complaint is granted, Hanson's Reconsideration Motion will be moot, as there will be a new operative pleading. Of note, the proposed amended pleading includes, among other things, allegations regarding false or misleading SEC filings that Hanson personally signed and certified, as well as additional elaboration (based on recent deposition testimony) on Hanson's role in creating, reviewing, and disseminating all of the company's press releases and SEC filings.

[3] Internal quotation marks and citations omitted here and throughout unless otherwise noted.

reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to **controlling decisions or data that the court overlooked**." *Stone v. Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (emphasis added and quoting *Analytical Surveys*, 684 F.3d at 52).[4]

Hanson does not come close to meeting this standard. First of all, his argument that he did not personally make the statements in the April 2, 2018 and May 3, 2018 press releases is a *completely new* one that Hanson *never made* in his Underlying Motion. *See* Dkt. 124 (Memorandum of Law for Underlying Motion).[5] Second, Hanson points to *nothing* that this Court has overlooked. His memorandum (Dkt. 151) does not cite any controlling court decision, much less one overlooked by the Court. Nor does Hanson identify any allegation in the Fourth Amended Complaint that the Court somehow missed. On the contrary, the Court gave exceedingly careful consideration to the entirety of the Fourth Amended Complaint, including and especially the allegations surrounding the April and May 2018 press releases and related events. *E.g.*, Order at 3-5, 9 n.2, 11-12.

Third, there is a reason Hanson did not make this argument on the Underlying Motion: It would have been totally meritless. There are two Counts in the FAC. Count II, premised on

---

[4] Hanson's notice of motion [Dkt. 150] references Local Civil Rule 6.3 and Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) by its terms applies only to final judgments and orders. *E.g.*, Wright & Miller, Fed. Prac. & Proc. § 2852 n.10 (3d ed.). The Order was not a final judgment or order within the meaning of Rule 60(b). Hanson, moreover, cannot begin to satisfy any of the prongs of Rule 60(b), nor does he even attempt to do so. *See, e.g.*, *Dudley v. City of New York*, 2021 WL 5234656, at *1 (S.D.N.Y. Nov. 9, 2021) (Hellerstein, J.) ("Rule 60(b) is a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008))).

[5] Although Hanson now cites Rule 9(b), Dkt. 151 at 3-4, Rule 9(b) was not the basis of the Underlying Motion, at least not in any respect relevant here. *See* Dkt. 123 (Notice of Motion – no reference to Rule 9(b)), Dkt. 124 (Memorandum for Underlying Motion – no argument that Plaintiffs had not met their burden of pleading misstatements with particularity). This is not a mere technicality. Rule 9(b) dismissals are normally without prejudice, and with leave to cure. *E.g.*, *Stern v. GE Co.*, 924 F.2d 472, 477-78 (2d Cir. 1991).

California Corporations Code § 25401, 25501, 25504, and 25504.1, does not require that Hanson have committed a primary violation, much less have made any statement at all. Count II requires only that Hanson have been a controlling officer of MabVax, *see* Section 25504 (and/or have materially assisted in the primary violations, with scienter, *see* Section 25504.1) at the time *MabVax* issued the misleading press releases at issue. Order at 13-14. Hanson, MabVax's CFO and second-most-senior officer, indisputably was a controlling officer of MabVax (and indisputably materially assisted in MabVax's primary violations). The Order discussed the California statutory scheme at length, and found that Plaintiffs "plausibly allege a secondary violation under Section 25504 by Defendants *as controlling officers*, as well as a secondary violation under Section 25504.1 because, as indicated above, Defendants *caused the misleading statements to be made with an intent to defraud*." Order at 13-14.

Hanson's argument that he did not *personally* make statements quoted in the April and May 2018 press releases is thus irrelevant to the Court's conclusion that Plaintiffs have adequately pled Hanson's *secondary* liability for purposes of Count II.

The argument also is unavailing as to Count I. Count I is based on Sections 25400(d) and 25500 of the California Corporations Code. Section 25400(d) in relevant part makes it unlawful for any person, "**directly or indirectly**," "if . . . **selling or offering for sale . . . [a] security**, to make, for the purpose of inducing the purchase or sale of such security by others, any" materially false, misleading, or misleadingly incomplete statement. Section 25500 in turn provides: "Any person who willfully **participates in any act or transaction in violation of Section 25400** shall be liable to any other person who purchases or sells any security at a price which was affected by **such act or transaction** for the damages sustained by the latter as a result of **such act or transaction**."

The FAC amply alleged each of these elements. It alleged that Hanson sold or offered securities to Plaintiffs, including at the time of the press releases in question. *See* FAC ¶ 21 (Hanson "was the MabVax officer who primarily corresponded by phone and email with Plaintiffs"), ¶¶ 56, 67 (Hanson signed securities offering documents), ¶ 95 ("During this period," *i.e.*, before the disclosure of the trial suspension and after the positive press releases, Hanson was "soliciting Plaintiffs, including Honig and Colman, for investments."); *see also* Order at 11 (accepting Plaintiffs' allegations that both "Defendants were [] soliciting investments" in the spring of 2018).

The FAC also alleged that Hanson was responsible for, even if he was not personally quoted in, the press releases at issue. FAC ¶ 85 (Hanson "caused MabVax to issue misleading press releases concerning the progress of the company's Phase 1" trials), ¶ 106 (Hanson was "involved in drafting, producing, reviewing and/or disseminating" the press releases). It additionally alleged that Hanson omitted information from the Company's press releases. *Id*. ¶ 90. In fact, the FAC alleged that Hanson *signed the late 10-Q containing the very information omitted from the prior press releases* – further demonstrating Hanson's awareness of and responsibility for the prior omissions. FAC ¶ 88. The U.S. Supreme Court has most recently explained that one "makes" a statement for purposes of SEC Rule 10b-5(b) when one has "'ultimate authority over the statement, including its content and whether and how to communicate it.'" *Lorenzo v. SEC*, 139 S. Ct. 1094, 1096 (2019) (quoting *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011)). That gloss on "make," to the extent it applies to Section 25400(d), is easily satisfied here, as the FAC unquestionably alleges that Hanson, together with Hansen, had ultimate authority over the contents and dissemination of MabVax's press releases.

In fact, this Court has already deemed the FAC's allegations sufficient as to *both* Defendants. The Court's previous ruling found that plaintiffs adequately alleged that both "Defendants were involved in . . . *the drafting and release of the disclosures*." Dkt. 114 (Oct. 8, 2021 Amended Order granting prior motion to dismiss) at 14. And the Court's more recent Order accepts Plaintiffs' allegation that *both* "Defendants issued press releases on April 2 and May 3, 2018." Order at 11. Hanson offers no basis for departing from these rulings, which are law of the case.

Even if all this were not more than enough – it is – Hanson would run up against two other textual obstacles in the California statutes. First, Section 25400(d) prohibits material misstatements made either *directly* or *indirectly*. Even though Hanson was not quoted by name in the MabVax press releases at issue, Plaintiffs adequately allege that he devised the press releases and caused them to be issued. He therefore not only made the statements *directly* within the meaning of *Lorenzo* and *Janus*, as discussed above; he also made the statements *indirectly* – that is, through MabVax. Additionally, Section 25500 by its terms requires only that the defendant have "participated in any act" that violates Section 25400(d), such as a material misstatement. Even without being quoted by name in the violative press releases, he surely *participated* in *MabVax's* making of material misstatements.

**CONCLUSION**

Gregory P. Hanson's motion for reconsideration [Dkt. 150] should be denied.

Dated:  New York, New York
        May 25, 2022

                      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                By: */s/ Robert D. Weber*

                    Christopher J. Bosch
                    Jeff Kern
                    30 Rockefeller Plaza
                    New York, New York 10112
                    Telephone: (212) 653-8700
                    Facsimile: (212) 653-8701
                    cbosch@sheppardmullin.com
                    jkern@sheppardmullin.com

                    – and –

                    Robert D. Weber (*pro hac vice*)
                    1901 Avenue of the Stars, Suite 1600
                    Los Angeles, California 90067-6017
                    Telephone: (310) 228-3700
                    Facsimile: (310) 228-3701
                    rweber@sheppardmullin.com

                    – and –

                    Daniel R. Walfish
                    WALFISH & FISSELL PLLC
                    405 Lexington Avenue 8th Floor
                    New York, New York 10174
                    Telephone: (212) 672-0521
                    dwalfish@walfishfissell.com

                    *Attorneys for Plaintiffs*