**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
310.228.3700 main
310.228.3701 fax
www.sheppardmullin.com

310.228.3746 direct
rweber@sheppardmullin.com

June 8, 2022

**VIA CM/ECF and ELECTRONIC MAIL**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Honig et al. v. John David Hansen and Gregory P. Hanson*
   Case No. 1:20-cv-05872-AKH;
   <u>*Grander Holdings, Inc. et al v. Hansen et al*., Case No. 1:20-cv-08618-AKH</u>

Dear Judge Hellerstein:

We write on behalf of all Plaintiffs in the above-referenced consolidated matters (1) to submit a proposed case management plan (CMP) in accordance with the Court's Individual Rules and its June 7 Order [Dkt. 159], and (2) to respond to Defendants' June 8 letter [Dkt. 161]. Our proposed CMP is attached hereto and we will separately email it to Chambers.

By way of background, approximately eighteen months ago, the parties submitted an **agreed** proposed CMP on the Court's prescribed form [Dkt. 60]. The Court did not sign that order and there has been intervening rulings and dispositive motion practice. On Tuesday, June 7, I made to Defendants' counsel what I thought would be an uncontroversial proposal: that the prior agreed proposed CMP again be used, except with 18 months added to most of the dates – the amount of time that has passed since the prior submission. The attached proposed CMP reflects that proposal. This is a very reasonable schedule that allows approximately nine months from now until the completion of non-expert discovery.

But Defendants notified us late this afternoon, on the due date for submitting a proposed case management plan (even though the Rule 16(b) conference has been on the Court's and the parties' calendar for many weeks, *see* Dkt. 147 at 15; Dkt. 149) that they do not believe discovery should proceed at all, at least not in any recognizable form. Defendants aver that Plaintiffs "survived the motion to dismiss for one reason," namely the allegation that the trial suspension took place in February 2018, whereas – Defendants say – MabVax in fact "suspended patient enrollment in August 2018." Dkt. 161 at 1. Defendants therefore "see no reason why this case should proceed at all," and their chief request is *a stay of discovery pending decision on an as-yet unfiled Rule 12(c) or Rule 56 motion*. Dkt. 161 at 2.

There is no basis for such an approach. As an initial matter, Plaintiffs do not know with certainty when the clinical trial suspension occurred; Defendants ask us (and the Court) to take their own self-serving, self-interested word as to when it happened. The timing of the suspension is a fact to be explored in discovery and, if necessary, contested at trial.

**SheppardMullin**

The Honorable Alvin K. Hellerstein
United States District Court
June 8, 2022
Page 2

However, even if the clinical trial was suspended in August 2018 as Defendants claim in their letter, that would not make a difference. The operative complaints allege that Defendants' statements were false and misleading because they omitted to disclose **both** that MabVax's clinical trial was suspended **and** that patients in the trial suffered significant adverse events as a result of the MabVax treatment. The Court made clear in its order that it was allowing claims to proceed concerning Defendants' 2018 statements **both** because of the adverse trial results *and* the suspension. Dkt. 147 at 3 ("The second alleged misstatement" – the one in the April 2 and May 3, 2018 press releases – "concerned ***an adverse event and trial enrollment suspension.*** . . . The company did not disclose ***the adverse event or trial enrollment suspension*** at that time."); *id*. at 4 (noting corrective disclosure in October 2018 of "adverse events," plural); *id*. (noting allegation that "the April 2 and May 3, 2018 press releases painted 'a misleadingly rosy picture of the progress of the trials'"); *id*. at 11 (noting that "Plaintiffs allege that Defendants issued press releases on April 2 and May 3, 2018 ***that were misleading as to the progress of the Phase 1 clinical trials***. They allege that ***due to an adverse event***, enrollment in the Phase I clinical trials was suspended on February 18, 2018. Instead of disclosing ***this information***, Defendants issued press releases . . which ***touted the progress of the trials*** . . . . The corrective disclosure" – of adverse events, plural, *and* a suspension – "came five months later.").

Defendants' argument apparently is that even if ***dozens*** of adverse events were ***known*** to Defendants by the time of the April and May 2018 press releases, the statements in those press releases touting the "positive" safety data (*see* Dkt. 147 at 3) would not have been false or misleading as a matter of law. Defendants' argument is misplaced. Whether the adverse events were or were not enough to make the press releases materially misleading is a question of fact. That is why, when Defendants sought to advance the very same argument underlying this evening's letter during oral argument on their motion dismiss last February, the Court quickly rebuffed it. *See* Feb. 24, 2022 Tr. 37:21-38:7, 43:14-19 ("THE COURT: This information may be useful on a Rule 56 motion, but it's not useful on [a] Rule 12 motion.").

Finally, Defendants' request for a(n almost total) stay of discovery ignores the fact that Plaintiffs have a pending motion to amend. Based on recently uncovered evidence, Plaintiffs are seeking to amplify the allegations relevant to the 2018 misstatements and to add allegations about misstatements in 2016 and 2017. David Hansen and Greg Hanson repeatedly lied to investors, saying that MabVax's antibody was "safe" and "well tolerated" by patients, and that the safety data was "positive," despite knowing that roughly half the patients in the clinical trial suffered "severe" or "life threatening" adverse events during 2016, 2017 and early 2018. MabVax's trial was ***shut down*** due to the prevalence of adverse events. The specific condition that David Hansen has admitted led to the trial suspension began surfacing in patients in January ***2017***. Defendants did not disclose the poor progress until October 2018. In the interim, they issued consistently positive, misleading statements about the trial to induce the Colman-Honig parties to purchase $5 million of MabVax stock.

The same document custodians, documents, and witnesses relevant to the 2018 allegations are also relevant to the 2016/2017 allegations. Thus, regardless of the final shape of the pleadings

# SheppardMullin

The Honorable Alvin K. Hellerstein
United States District Court
June 8, 2022
Page 3

and which complaint will eventually be the operative one, there is no reason why ordinary-course discovery should not begin now.

Plaintiffs respectfully request that the Court enter their proposed CMP.

Very truly yours,

*Robert Weber*

Robert D. Weber
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Counsel for Barry C. Honig, GRQ Consultants, Inc.,
GRQ Consultants, Inc. 401K, GRQ Consultants, Inc.,
Roth 401K FBO Barry Honig, GRQ Consultants, Inc.,
Roth 401K FBO Renee Honig, HS Contrarian Investments,
LLC, Robert S. Colman, and Robert S. Colman Trust UDT 3/13/85


cc: Daniel Walfish (*via ECF and email*)
Justin Kaplan (*via ECF and email*)
Koji F. Fukumura (*via ECF and email*)
Peter M. Adams (*via ECF and email*)
Linh K. Nguyen (*via ECF and email*)
Heather M. Speers (*via ECF and email*)
Ian Shapiro (*via ECF and email*)
Brian M. French  (*via ECF and email*)
Andrew D. Goldstein (*via ECF and email*)