UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
                           :

BARRY C. HONIG, et al.,          :

                           :

                Plaintiffs,    :

       v.                :    20 Civ. 5872 (AKH)

                           :

JOHN DAVID HANSEN and GREGORY P.  :
HANSON,                   :

                           :

              Defendants.  :

----------------------------------------------------------- X
                           :

GRANDER HOLDINGS, INC., et al.,    :

                           :

              Plaintiffs,    :    20 Civ. 8618 (AKH)

       v.                :

                           :

JOHN DAVID HANSEN and GREGORY P.  :    **<u>ORDER</u>**
HANSON,                   :

                           :

             Defendants.  :

                           :

----------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

A status conference was held this morning to address how this case should

proceed.

There are two pending motions.

Defendants' motion for reconsideration (20-cv-5872, ECF No. 150) based on later

testimony in depositions in a parallel California lawsuit (Case No. 37-2019-00018398-CU-SL-

CTL (Cal. Sup. Ct.)) is denied.  The purpose of a motion for reconsideration is to correct a

decision based on the Court's failure to apprehend facts or law as of the decision date.  *See*

*Lichtenberg v. Besicorp Grp. Inc.*, 28 Fed. App'x 73, 75 (2d Cir. 2002) (stating that the movant

"must demonstrate that the Court overlooked controlling decisions or factual matters that were

put before the Court on the underlying motion" in order to prevail on a motion for reconsideration).  If later proceedings in a different case affect the merits as decided by the motion, the remedy is a new motion, not a motion for reconsideration of that which already has been decided.  The Clerk of the Court shall terminate the motion (20-cv-5872, ECF No. 50).

Plaintiffs' motions to file Fifth (20cv8618, ECF No. 70) and Sixth (20cv5872, ECF No. 154) Amended complaints are denied.  These suits have been pending since July 28, 2020 (20-cv-5872) and October 15, 2020 (20-cv-8618), and it is time for them to proceed to discovery.  I understand from the parties that discovery has been ongoing in the parallel California lawsuit.  There is no reason to allow further pleadings and further motions; it is time for discovery.

Moreover, although leave to amend ordinarily should be granted freely, courts "should generally . . . den[y leave] in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."  *Banco Safra S.A.-Cayman Islands Branch v. Samarco Mineracao S.A.*, 849 Fed. Appx. 289, 295–96 (2d Cir. 2021) (quoting *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016)).  Plaintiffs seek to add new allegations about purported misrepresentations in 2016 and 2017 regarding numerous adverse events in the early stages of clinical trials for the development of antibodies to arrest advanced pancreatic cancer.  Although the results of those trials were publicly disclosed, Plaintiffs claim that Defendants' optimistic statements about the progress of the trials and prognosis for the products in development were misleading.  However, in light of the information that was publicly disclosed (*i.e.*, the interim results of the trials), Defendants' statements expressing optimism are inactionable expressions of optimism — opinions — and not representations of fact on which a

reasonable investor could rely.  *See Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004).

"Statements of general corporate optimism" are inactionable "unless they are worded as

guarantees or are supported by specific statements of fact, or if the speaker does not genuinely or

reasonably believe them."  *In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 647

(S.D.N.Y. 2017) (quoting *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal

Bank of Scotland Grp., PLC*, 783 F.3d 383, 392 (2d Cir. 2015)).  Plaintiffs' arguments for leave

to amend are futile.  The Clerk of Court shall terminate the motions (20cv5872, ECF No. 154;

20cv8618, ECF No. 70).

The decisions above are made on the moving papers.  They were announced this

morning at a scheduled status conference, but it is these findings and conclusions that express my

rulings.  Plaintiffs' objection about not having a record at my morning's conference are

overruled.

The parties are using this, and their California State Court action, interchangeably.

The California action has progressed further than the two before me.  Although the parties may

not all be the same, and the issues may not fully coincide, there is substantial overlap, and a

determination of the California action will determine most, if not all, the issues in the actions

before me.  Although neither party has asked for a stay, the waste of judicial resources, and the

unnecessary expense to the parties, inherent in duplicate actions are obvious and, *sue sponte,* I

order a stay.  As a control date, there will be a status conference one year hence, on June 16,

2023, at 10:00 am.  Either party may ask me to lift the stay, once the California case is decided.

SO ORDERED.

Dated:       June 10, 2022                                    ____/s/ Alvin K. Hellerstein_____
             New York, New York                              ALVIN K. HELLERSTEIN
                                                             United States District Judge